UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**LYNEAL MANNING**                                                                                          **PLAINTIFF**

**v.**                                          **No. 3:16-CV-00028-JTR**

**CAROLYN W. COLVIN,**
Acting Commissioner,
**Social Security Administration**                                                         **DEFENDANT**

## ORDER REMANDING TO THE COMMISSIONER

Lyneal Manning ("Manning") applied for social security disability benefits with an alleged disability onset date of September 4, 2012. (R. at 41). After a hearing, the administrative law judge ("ALJ") denied Manning's application. (R. at 17). The Appeals Council denied Manning's request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Manning has requested judicial review.[1]

For the reasons stated below, this Court reverses and remands the Commissioner's decision.

**I.     The Commissioner's Decision**

The ALJ found that Manning had the severe impairment of "late effects from [a] cerebrovascular accident," due to a stroke in September 2012. (R. at 11,

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge.

1

14). The ALJ then found that Manning had the residual functional capacity ("RFC") to perform light work, except that he could only use his right upper extremity as an assistive device and he could not use it to perform any overhead reaching, pushing, or pulling. (R. at 12). The ALJ took testimony from a vocational expert ("VE") and found that the RFC permitted employment in jobs such as sales attendant and file clerk. (R. at 16). Thus, the ALJ found that Manning was not disabled.

## II. Discussion

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g).

Manning argues that the ALJ's decision is not supported by substantial evidence on the record as a whole because: (1) the VE failed to identify and resolve a conflict with the *Dictionary of Occupational Titles* ("DOT"); and (2) the RFC was inconsistent with the medical evidence.

At the administrative hearing, the VE assured the ALJ that his testimony was consistent with the DOT. (R. at 37). However, the jobs identified by the VE—DOT codes 206.367-014 and 299.677-010—both require frequent reaching according to the *Selected Characteristics of Occupations Defined in the Revised Dictionary of*

*Occupational Titles* ("SCO"). The assigned RFC limited Manning to using his right upper extremity "as no more than an assistive device," and he was "precluded from performing overhead reaching as well as pushing and pulling duties." (R. at 12).

When expert testimony conflicts with the DOT, the DOT controls. *Montgomery v. Chater*, 69 F.3d 273, 276 (8th Cir. 1995). The DOT can be rebutted with VE testimony that shows that a particular job can be performed by the claimant. *Id.* While the VE did testify that Manning could perform the jobs identified, neither the VE or the ALJ identified or addressed the possibility of a conflict between the testimony and the DOT. The VE gave no explanation for the inconsistency, and that lack of explanation was error.

Manning also contends that the RFC itself is not supported by substantial evidence on the record as a whole. The Court agrees.

The ALJ did not discuss mental limitations observed by Dr. Suzanne Gibbard, a consultative examiner. Dr. Gibbard noted problems with Manning's memory and his ability to sustain concentration and complete tasks in a timely manner. (R. at 379). The ALJ did not even mention Dr. Gibbard's evaluation and findings, and did not include any limitations in the RFC due to mental impairments.

Additionally, the ALJ mischaracterized the findings of Dr. Tim Shown, who examined Manning on March 10, 2014. In discussing the residual effects of Manning's September 2012 stroke, the ALJ stated that "more recent testing" by Dr. Shown noted "full motor strength with no more than moderate limitations throughout." (R. at 14). Dr. Shown'sreport nowhere states that Manning had only "moderate" limitations in functioning. To the contrary, Dr. Shown specifically found that Manning had decreased range of motion in his right shoulder, right upper extremity and right knee, along with decreased strength in his right upper and lower extremities. (R. at 410-11). Dr. Shown's notation of "moderate" referred to the complexity of Manning's case. (R. at 411).[2]

The ALJ's misreading of the medical evidence and failure to discuss the opinion of Dr. Gibbard, especially as she noted additional mental limitations, requires reversal.

### III. Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including

---

[2] According to the report, Manning's condition involved "moderate" medical decision-making due to "comorbities." The other categories of complexity were "straightforward" and "high."

the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole does not contain ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's decision is therefore REVERSED and REMANDED, with instructions to further develop the record as necessary, to fully consider all medical evidence and all impairments, and to ensure that any conflicts between VE testimony and the DOT are fully discussed and resolved.

It is so ordered this 19th day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE